---

### JENKS et al. v. GEIGER.

(Court of Appeals of District of Columbia. Submitted March 23, 1921. Decided May 2, 1921.)

No. 1420.

1. **Patents ☞90(5)—Applicant first to conceive and first to file entitled to priority, in absence of actual reduction to practice.**

   The party to an interference proceeding, who was first to conceive and first to constructively reduce to practice by filing his application, is entitled to priority, where neither party claims actual reduction to practice.

2. **Patents ☞90(6)—Original sketch of senior party to interference held to disclose invention in issue.**

   In an interference proceeding involving a side bearing for railway cars, where neither party claimed actual reduction to practice, the senior party's original sketch *held* to disclose the invention in issue, so as to entitle him to priority, where he was the first to conceive.

Appeal from a Decision of the Commissioner of Patents.

Interference proceeding between Charles D. Jenks and another and William A. Geiger. From a decision awarding priority to Geiger, the other parties appeal. Affirmed.

C. E. Mehlhope, of Chicago, Ill., for appellants.

George I. Haight and Joseph Harris, both of Chicago, Ill., and H. N. Low, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellants, Jenks and Perry, appeal from the decision of the Commissioner of Patents awarding priority of invention to appellee, Geiger, for an invention defined in the following count:

"In a side bearing for railway cars, the combination with a bolster and having an upper bearing surface, of a roller-carrying member having a bottom wall and vertically extending spaced side walls, said bottom wall being provided on its under side with a bearing surface co-operable with said first named bearing surface, an antifriction roller carried by said member and

---

disposed between said vertical side walls, said roller having journals supported by said side walls and rotatable about a relatively fixed axis, means for holding said member in operative relation with said bolster, said bearing surfaces permitting said member to tilt in a direction at right angles to the axis of rotation of said roller."

[1] Appellants filed their application March 15, 1915, and appellee filed November 18, 1916, a renewal of his original application filed October 22, 1914. Neither party claims actual reduction to practice. Appellee has been awarded June 27, 1914, as a date of conception and disclosure. This is earlier than any date claimed by appellants. Since appellee was the first to constructively reduce to practice by filing his application, he is the first to conceive and reduce to practice. Nothing appears in the record to impeach appellee's position in this respect.

[2] Appellants, however, contend that appellee's original sketch does not disclose the invention in issue. The side bearing, which supports the car when in a swinging motion or rounding a curve, consists of a roller, with which the car comes in contact. This roller is supported by a member attached to the truck bolster. It must be so constructed that, when the car comes in contact with the roller, the member will tilt in a right-angular direction to the axis of rotation of the roller, so that the roller will receive the weight and friction of the car equally throughout its length. The tilting motion of the member adjusts the roller to properly contact with the car.

Appellee, in his application, discloses the member carrying the antifriction roller bolted to the truck bolster in such manner, it is contended, as will not admit of the tilting action. The drawing discloses the bolt holes larger than the bolts, and the under face of the heads curved, so as to permit of the tilting motion. It is argued that, since the bolts must be drawn tight to hold the parts firmly together, the friction would be too great to permit of the movement required. The count does not call for free movement, and we think the great weight of the car would force the slight tilt required to adjust the face of the roller to the under bearing of the car. The adjustment of the size of the bolt holes and the bolts to accomplish this result would require only mechanical skill.

We find nothing to warrant us in disturbing the concurrent decisions of the three tribunals of the Patent Office in awarding priority of invention to appellee, Geiger.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.